Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel:  626-799-9797
Fax:  626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIA A. PORTOCARRERO, et al.,<br><br>Defendants. | Case No.:  2:19-cv-08726-TJH-PLA<br><br>PLAINTIFF'S *EX PARTE APPLICATION* TO VACATE ADR MEDIATION DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES |

TO THE HONORABLE COURT, THE DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW the Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media (hereinafter "Plaintiff"), by and through counsel, and pursuant to Local Rule 7-19, and hereby moves this Court *Ex Parte* for an Order vacating the ADR Mediation Deadline of August 31, 2020.

This *Ex Parte Application* will be made on the grounds that, despite Plaintiff's best efforts, Defendants have shown no intention of fulfilling their obligations with respect to mediation, including participating in selecting a mediator, such that it is not possible to schedule a mediation as required. In light of Defendants' unwillingness to participate, Plaintiff does not propose a new date at this time.

This *Ex Parte* Application is brought subsequent to several attempts to communicate with the Defendants regarding this matter, including several specific efforts to address the requirements of meditation itself. *See Riley Declaration* (filed concurrently herewith). Plaintiff addresses compliance with the requirements of Local Rule 7-19 in the Memorandum section below. As discussed further below, Opposition to this Motion is presumed.

This *Ex Parte Application* will be based on the Memorandum of Points and Authorities and Declarations served and filed herewith, and such further oral and documentary evidence or argument as may be presented at any hearing on Plaintiff's *Ex Parte Application*.

Respectfully submitted,

Dated:  August 31, 2020

/s/ *Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## <u>INTRODUCTION</u>

This is a commercial piracy case arising out of the alleged unlawful interception, receipt and publication of Plaintiff's October 12, 2018 Program, *Chile v. Peru International Friendly Soccer Game,* (hereinafter the "Program). For purposes of this *Ex Parte Application*, Plaintiff requests that the August 31, 2020 deadline for the parties to conduct an ADR Mediation be vacated.

Defendants' contact information is:

Claudia A. Portocarrero (Defendant)
15030 Ventura Blvd. No, 24
Sherman Oaks, CA 91403

Claudia A. Portocarrero (Defendant)
20105 Lassen Street
Chatsworth, CA 91311

Luis Alejandro Tipacti (Defendant)
15030 Ventura Blvd. No. 24
Sherman Oaks, CA 91403

Luis Alejandro Tipacti (Defendant)
6916 Bevis Avenue
Van Nuys, CA 91405

The address on file with the Court for both Defendants is 15030 Ventura Blvd., No. 24, Sherman Oaks, CA 91403. However, it appears that this address may no longer be viable. The alternate addresses noted above were ascertained independently by Plaintiff in an effort to locate Defendants; Plaintiff cannot state with certainty that these addresses are viable. *Riley Decl.* ¶ 14.

1

2

# **ARGUMENT**

3

On November 6, 2019, this Court referred this case to Magistrate Judge Paul

4

L. Abrams for discovery and settlement purposes. (Dkt. No. 15). On November 7,

5

2019, as required by the Court, Plaintiff filed and served a Status Report indicating

6

7

that it had notified Magistrate Judge Abrams of this Court's referral. (Dkt. No. 16).

8

On November 12, 2019, Magistrate Judge Abrams issued a Case Management

9

Order and Order/Referral to ADR. (Dkt. No. 17). The Case Management Order

10

11

required, *inter alia*, that Plaintiff contact the ADR Program Director to schedule a

12

mediation within fourteen days, and that the mediation be conducted no later than

13

July 13, 2020. (Dkt. No. 17 at 2, ¶ 3).

14

15

Plaintiff contacted the ADR Program Director as required and Plaintiff was

16

informed that that parties were to review the Court's list of approved mediators

17

and then file a Stipulation Regarding Selection of Panel Mediator designating the

18

19

agreed upon mediator. *Riley Decl.* ¶ 5. On November 25, 2019, Plaintiff sent a

20

letter to Defendants informing them of the substance of the parties' obligations as

21

noted above. *See Id.*, ¶ 6; *Id.* (Ex. 1). In that letter, Plaintiff provided Defendants

22

23

with a link to the Court's list of mediators, and asked that they pick their top three.

24

*Id.*, ¶ 7. Plaintiff further informed Defendants of the July 13, 2020 deadline. *Id.*

25

On July 22, 2020, as directed by the Court, Plaintiff filed a status report and

26

27

accompanying Declaration of Mr. Riley in which it detailed the above efforts to

28

communicate with Defendants regarding the scheduling of mediation. (Dkt. No.

20, *et seq.*). On July 23, 2020, this Court entered its Minute Order extending the mediation deadline to August 31, 2020, and the non-discovery motion deadline to September 30, 2020. (Dkt. No. 21). At that time, the Court reminded Defendants of their obligations to participate in the mediation process. (*Id.*).

Notwithstanding this Court's July 23, 2020 Order, Plaintiff still heard nothing from Defendants regarding mediation. *Riley Decl.* ¶ 11. On August 7, 2020, Plaintiff sent a letter to both Defendants informing them of Plaintiff's intention to file a motion for summary judgment and/or a motion for terminating sanctions. *Id.* ¶ 12; *Id.,* Ex. 3. As a basis for said motion, Plaintiff noted Defendants "failure to provide Initial Disclosures, provide discovery responses, cooperate in scheduling mediation in the above-entitled action, and participate in the defense of the above-entitled lawsuit, generally." *Id.,* Ex. 3.

Plaintiff's August 7, 2020 letter was sent to Defendants' current address of record with this Court, 15030 Ventura Blvd., No. 24, Sherman Oaks, CA 91403. *Id.* ¶ 13. On August 11, 2020, after Plaintiff's counsel checked the FedEx tracking of the August 7, 2020 letter and learned that the letter was being returned as undeliverable because "Recipient Moved," counsel sent a second letter to Defendants at alternate addresses that an independent search revealed might be viable. *Id.* ¶ 14; *Id.*, Ex. 4. In the August 11, 2020 letter, which also attached a copy of the original August 7, 2020 letter, Plaintiff's counsel again asked Defendants to contact him to discuss Plaintiff's anticipated motions for summary

judgment and/or terminating sanctions. *Id.* ¶ 15. Counsel for Plaintiff also informed Defendants of their obligation to update their addresses with the Court. *Id.*

In the August 11, 2020 letter, Plaintiff's counsel also noted that this Court had extended the mediation deadline to August 31, 2020, and that "[e]ach of you need to communicate with my office to coordinate the selection of a mediator in the scheduling of the mediation to be conducted." *Id.* ¶ 16. As of the filing of this *Ex Parte* Application, no response to the August letters has been received from Defendant Portocarrero. *Id.* ¶ 17. With respect to Defendant Tipacti, although not directly relevant to the instant motion, after counsel's most recent correspondence, counsel did hear from Mr. Tipacti with respect to this case generally. *Id.* ¶ 18. While Plaintiff does not have independent corroboration of Mr. Tipacti's representations, Mr. Tipacti takes the position that he did not file the Answer attributed to him in this case (found at  Docket Entry No. 13). *Riley Decl.* ¶ 18.

In view of the foregoing, Plaintiff respectfully submits that the good faith and notice obligations of Local Rule 7-19.1 have been satisfied. In the alternative, and if the Court were to find that a portion of Local Rule 7-19.1 has not been satisfied, Plaintiff requests that the Court exercise its power under Local Rule 7-19.2 to waive the requirements of Local Rule 7-19.1. Plaintiff has made significant efforts to communicate with Defendants, including new efforts to address the necessity of mediation. In addition, this Court has reminded Defendants of their

1  obligations, including cooperation with Plaintiff's counsel. (Dkt. No. 21). Under

2  the circumstances, it would be an unnecessary waste of time and resources, both of

3  Plaintiff and any potential mediator, to require mediation at this time.

4

5         Opposition to this Motion is presumed.

6

7         Wherefore, for the reasons set forth herein, Plaintiff respectfully requests

8

9  that this Court grant Plaintiff's *Ex Parte Application* to Vacate ADR Mediation

10  Deadline, and award such other relief as may be just and proper.

11                         Respectfully submitted,

12

13                         /s/ *Thomas P. Riley*

14  Dated:  August 31, 2020    **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                               By:  Thomas P. Riley
15                             Attorneys for Plaintiff
                               Innovative Sports Management, Inc. d/b/a
16                             Integrated Sports Media

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On August 31, 2020, I caused to serve the following document entitled:

PLAINTIFF'S *EX PARTE APPLICATION* TO VACATE ADR MEDIATION DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Claudia A. Portocarrero (Defendant)
15030 Ventura Blvd No, 24
Sherman Oaks, CA 91403

Claudia A. Portocarrero (Defendant)
20105 Lassen Street
Chatsworth, CA 91311

Luis Alejandro Tipacti (Defendant)
15030 Ventura Blvd No. 24
Sherman Oaks, CA 91403

Luis Alejandro Tipacti (Defendant)
6916 Bevis Avenue
Van Nuys, CA 91405

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 31, 2020, at South Pasadena, California.

Dated:  August 31, 2020                    /s/ *Isabella Fernandez*
                                           ISABELLA FERNANDEZ