THOMAS P. RILEY, SBN194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030-3227
Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| G & G Closed Circuit Events, LLC | Case No. 2:19-cv-08726-TJH-PLA |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE OF ORDER (ECF 64)** |
| vs. | |
| Claudia A. Portacarrero, et al. | |
| Defendants. | |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

On July 29, 2022, Plaintiff's counsel duly served a true and correct copy of the enclosed Order (ECF 64) upon all Parties of record or their counsel.

Respectfully submitted,

Dated: July 29, 2022

/s/ Thomas P. Riley
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

# United States District Court
# Central District of California
# Western Division

INNOVATIVE SPORTS MANAGEMENT, INC., d.b.a. INTEGRATED SPORTS MEDIA,

Plaintiff,

v.

CLAUDIA A. PORTOCARRERO, d.b.a. PICANTE PERUVIAN CUISINE, et al.,

Defendants.

CV 19-08726 TJH (PLAx)

Order

[50]

The Court has considered Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media's ["Innovative"], motion for terminating sanctions or, in the alternative, monetary sanctions, together with the moving papers.

Innovative holds the exclusive United States commercial distribution rights to *Chile v. Peru International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on Friday, October 12, 2018.

On October 10, 2019, Innovative filed this action, alleging that Defendants Claudia A. Portocarrero and Luis Alejandro Tipacti, doing business together as Picante Peruvian Cuisine ["Picante"], displayed the Soccer Game at Picante without a license.

Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C § 553; (3) Conversion; and 4) Violation of California's unfair competition law, Cal. Bus. and Prof. Code § 17200, *et seq*.

On November 5, 2019, Portocarrero and Tipacti filed their Answers in *pro per*. In their Answers, Portocarrero admitted to owning Picante, while Tipacti denied both owning and operating Picante. Both Answers used the same mailing address.

On November 12, 2019, Magistrate Judge Abrams issued an order referring this case to mediation, warning the parties that failure to comply could result in sanctions. On July 23, 2020, Judge Abrams issued another order to extend the mediation deadline in response to a status report filed by Innovative, which stated that it had been unable to contact Portocarrero and Tipacti. The July 23 order advised Portocarrero and Tipacti of their obligation to comply with the Court's orders.

On August 31, 2020, Innovative filed an *ex parte* application to vacate the mediation deadline because Portocarrero and Tipacti failed to participate. Innovative's counsel stated that he had contacted Tipacti, and that Tipacti stated that he did not file the Answer that was attributed to him. Further, Innovative's application provided alternative addresses for Portocarrero and Tipacti, but stated that it was unsure as to whether those addresses were correct.

On September 1, 2020, Judge Abrams denied Innovative's application, noting that various orders had been returned undeliverable to Portocarrero and Tipacti with no forwarding information. Judge Abrams, then, ordered Portocarrero and Tipacti to file a notice containing their current addresses, and to contact Innovative's counsel to schedule mediation. Judge Abrams, again, advised Portocarrero and Tipacti of their obligation to comply with court orders. The order was mailed to the address on file for Portocarrero and Tipacti and to the additional addresses that Innovative provided in its application. Neither Portocarrero nor Tipacti has submitted an updated address to the Court.

On September 21, 2020, Innovative filed a renewed *ex parte* application to vacate the mediation deadline, which Judge Abrams granted.

On September 30, 2020, Innovative filed a motion for partial summary judgment on the issue of liability. On November 9, 2020, Tipacti filed a motion to strike himself from the case, which the Court construed as an opposition to the motion for partial summary judgment. Tipacti used a different address on his motion, but the docket was not updated because he did not file a change of address form. The Court denied the motion for partial summary judgment because, *inter alia*, Innovative failed to establish that Portocarrero and/or Tipacti owned Picante.

On August 23, 2021, the Court issued an order setting the Final Pretrial Conference for February 28, 2022, and warned the parties that their failure to lodge a joint proposed Final Pretrial Conference Order no later than seven days before the hearing may result in sanctions. Though the Final Pretrial Conference was continued several times, neither Portocarrero nor Tipacti filed any of the pretrial documents required by Local Rule 16. Further, according to Innovative, Portocarrero and Tipacti, also, failed to cooperate in the preparation of a joint proposed Final Pretrial Conference order. Eventually, Innovative lodged, unilaterally, a proposed Final Pretrial Conference order.

On February 23, 2022, Innovative filed an *ex parte* application for the Court to set a deadline of March 7, 2022, for Innovative to file a motion for terminating sanctions, which the Court granted.

Innovative, now, moves for terminating sanctions or, in the alternative, monetary sanctions against Portocarrero and Tipacti.

The Court may order sanctions, including terminating sanctions, against a defendant for failure to attend a pretrial conference or obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (C); Fed. R. Civ. P. 37(b)(2)(A)(vi). The Court must consider five factors before imposing terminating sanctions: (1) The public interest in the prompt, efficient resolution of litigation; (2) The Court's ability to manage its dockets;

Order    Page 3 of 5

(3) The risk of prejudice to Innovative; (4) The policy favoring resolution on the merits; and (5) The availability of alternative sanctions. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Regarding the first and second factors, Portocarrero's and Tipacti's conduct has delayed the resolution of this case and frustrated the Court's management of its docket. Portocarrero and Tipacti failed to appear for mediation despite warnings from Judge Abrams that sanctions could be imposed. Further, Portocarrero and Tipacti failed to comply with Judge Abrams's order to submit a notice containing their updated addresses. By failing to provide the Court an updated address, Portocarrero and Tipacti, also, violated L.R. 83-2.4, which requires parties to keep the Court informed of their current address and telephone number. Additionally, Portocarrero and Tipacti failed to file mandatory pretrial documents, in violation of L.R. 16. Finally, Portocarrero and Tipacti failed to participate in the preparation of the joint proposed Pretrial Conference Order, in violation of this Court's standing order and L.R. 16-7.

Regarding the third factor, Innovative has been prejudiced by Portocarrero's and Tipacti's inaction in that it has hindered Innovative's ability to secure a decision in the case. *See Malone*, 833 F.2d at 131.

Regarding the fourth factor, the policy favoring disposition of cases on their merits weighs against terminating sanctions.

Regarding the fifth factor, there are other sanctions that the Court may impose, even though Innovative has not requested them. In deciding whether to impose a less drastic sanction, the Court must consider whether it has: (1) Explicitly discussed why alternative sanctions are inadequate; or (2) Imposed a less severe method of sanctioning or curing the malfeasance; or (3) Warned of the possibility of dismissal. *See Malone*, 833 F.2d at 132. Additionally, only willfulness, bad faith, and fault can justify terminating sanctions. *Conn. General Life Ins. Co.*, 482 F.3d at 1096.

Judge Abrams issued several warnings to Portocarrero and Tipacti that they had to comply with his orders and that their failure could result in sanctions, though he

never imposed sanctions. Nevertheless, given Portocarrero's and Tipacti's repeated disregard of those warnings, combined with their history of ignoring the Court's orders – most significantly, the Court's order to submit updated addresses – it is unlikely that alternative sanctions would secure their participation in the case. While the Court did not explicitly warn Portocarrero and Tipacti of terminating sanctions, the Court made it abundantly clear that they risked serious sanctions if they continued to not comply with the Court's orders.

Accordingly,

It is Ordered that the motion for terminating sanctions be, and hereby is, Granted.

It is further Ordered that the Answers filed by Defendants Claudia A. Portocarrero and Luis Alejandro Tipacti be, and hereby are, Stricken.

It is further Ordered that defaults be, and hereby are, Entered as to Defendants Claudia A. Portocarrero and Luis Alejandro Tipacti.

It is further Ordered that a copy of this order shall be served, by first class mail, on Defendant Claudia A. Portocarrero at 15030 Ventura Boulevard, No. 24, Sherman Oaks, California 91403; and at 20105 Lassen Street, Chatsworth, California 91311.

It is further Ordered that a copy of this order shall be served, by first class mail, on Defendant Luis Tipacti at 15030 Ventura Blvd. No. 24, Sherman Oaks, California 91403; at 6916 Bevis Avenue, Van Nuys, California 91405; and at 14900 Ventura Boulevard, Suite 200, Sherman Oaks, California 91403.

Date: July 28, 2022

Terry J. Hatter, Jr.
Senior United States District Judge

# PROOF OF SERVICE (SERVICE BY MAIL)

I declare that:

I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 1114 Fremont Avenue, South Pasadena, California 91030. I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On July 29, 2022, I caused to serve the following documents entitled:

## CERTIFICATE OF SERVICE OF ORDER (ECF 64)

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

    Claudia A. Portocarrero    (Defendant)
    15030 Ventura Boulevard, No. 24
    Sherman Oaks, California 91403

    Claudia A. Portocarrero    (Defendant)
    20105 Lassen Street
    Chatsworth, California 91311

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

I declare under the penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 29, 2022, at South Pasadena, California.

Dated: July 29, 2022

                                    KELLY M. HUMPHREY

///

///