# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLAUDIA A. PORTOCARRERO, d.b.a. PICANTE PERUVIAN CUISINE, *et al.*,<br><br>　　　　Defendants. | CV 19-08726 TJH (PLAx)<br><br>Order<br>and<br>Judgment<br><br>JS-6 |

　　　The Court has considered Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media's ["Innovative"], motion for default judgment against Defendants Claudia A. Portocarrero and Luis Alejandro Tipacti [dkt. # 74], and motion to dismiss its remaining claims [dkt. # 75], together with the moving and opposing papers.

　　　Innovative holds the exclusive United States commercial distribution rights to *Chile v. Peru International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on Friday, October 12, 2018.

On October 10, 2019, Innovative filed this action, alleging that Portocarrero and Tipacti, doing business together as Picante Peruvian Cuisine ["Picante"], displayed the Soccer Game at Picante without a license. Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C § 553; (3) Copyright infringement; (4) Conversion; and (5) Violation of California's unfair competition law ["UCL"], Cal. Bus. and Prof. Code § 17200, *et seq*.

On November 5, 2019, Portocarrero and Tipacti filed their Answers in *pro per*.

On April 4, 2021, the Court denied Innovative's motion for partial summary judgment on the issue of liability because, *inter alia*, Innovative failed to establish that Portocarrero and/or Tipacti owned Picante.

On July 28, 2022, after finding that Portocarrero's and Tipacti's repeated failures to comply with the Court's rules and orders warranted the imposition of terminating sanctions, the Court entered their defaults.

Innovative, now, moves for default judgment against Portocarrero and Tipacti as to its copyright infringement, conversion, and UCL claims, and, also, moves to dismiss its remaining claims.

**Default Judgment**

Portocarrero and Tipacti each filed oppositions to this motion. Because their defaults had been previously entered, they can, now, challenge only the amount of damages to be awarded against them. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 132 (2d Cir. 2011). Moreover, neither of the oppositions sought to set aside their defaults or set forth any meritorious defense. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

When reviewing a motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the Complaint; (4) The sum of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether

Carbonel's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

To establish a *prima facie* case for copyright infringement, Innovative must demonstrate: (1) Ownership of a valid copyright; and (2) The use of the copyrighted material by Portocarrero and Tipacti without permission. *See Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Further, to establish that the infringement was willful, Innovative must demonstrate that (1) Portocarrero and Tipacti were actually aware of the infringing activity, or (2) Portocarrero and Tipacti recklessly disregarded, or were willfully blind to, Innovative's rights. Finally, to obtain the statutory damages that it seeks, Innovative must, also, show that the United States Copyright Office registered its copyright within three months of publication. 17 U.S.C. § 412(2).

Here, Innovative alleged that it owned the copyright for the Soccer Game, and it submitted to the Court the registration certificate showing that the copyright was registered within three months of the broadcast. Innovative, also, alleged that Portocarrero and Tipacti displayed the Soccer Game without a license, with reckless disregard for Innovative's rights in the Soccer Game. Because defaults were entered against Portocarrero and Tipacti, the Court must accept as true Inniovative's allegations regarding liability. *See Geddes*, 559 F.2d at 560. Accordingly, Innovative established liability for willful copyright infringement.

To establish a *prima facie* case for conversion, Innovative must demonstrate: (1)

That Innovative owned or had the right to possess the property at issue; (2) Wrongful disposition of the property by Portocarrero and Tipacti; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981). Innovative alleged that it owns the exclusive license to distribute the Soccer Game, and that Portocarrero and/or Tipacti exhibited the Soccer Game at Picante without Innovative's permission. Accordingly, Innovative established liability for conversion.

Regarding the fourth factor, Innovative seeks statutory damages under the Copyright Act. 17 U.S.C. § 504(a). For each infringed copyright, a copyright holder may recover statutory damages of between $750.00 and $30,000.00, 17 U.S.C. § 504(c)(1), or up to $150,000.00 if the infringement was committed willfully, 17 U.S.C. § 504(c)(2). Innovative's requested damages of $4,000.00 for copyright infringement are within the statutory limits. Innovative, also, requested $1,000.00 in damages for its conversion claim. Innovative provided evidence that Portocarrero and Tipacti would have had to pay a licensing fee of $1,000.00 to lawfully display the Soccer Game, which is the proper measure of damages for a conversion claim, pursuant to Cal. Civ. Code § 3336. Because Innovative did not seek additional damages for its unfair competition claim, the Court will dismiss that claim without prejudice.

Regarding the fifth factor, the Court must accept the factual allegations in the Complaint regarding liability as true. *See Geddes*, 559 F.2d at 560. Even if the Court considered Portocarrero and Tipacti's opposition as to the merits of Innovative's claims, the oppositions failed to establish the existence of a serious factual dispute.

Regarding the sixth factor, it is unlikely that Portocarrero's and Tipacti's previous inaction was due to excusable neglect. Both defendants have consistently failed to participate in this case.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of granting default judgment.

**Damages**

Innovative seeks $4,000.00 in statutory damages for its copyright infringement

claim, and $1,000.00 for its conversion claim. Portocarerro and Tipacti argued that Innovative failed to adequately support those damages, without suggesting any alternative amounts.

The Court has wide discretion to award any amount of statutory damages, within the limits of 17 U.S.C. § 504(c)(1), that it considers just. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009). Statutory damages "effectuate two purposes underlying the remedial provisions of the Copyright Act: to provide adequate compensation to the copyright holder and to deter infringement." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989).

Here, Innovative provided an affidavit from investigator Brahman Turner, which stated that he observed the Soccer Game being displayed at Picante on two screens, and that he estimated the maximum capacity of the restaurant to be about 75 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee for the Soccer Game. For a venue with a capacity of between 50 and 100 people, the licensing fee would have been $1,000.00. An additional $1,000.00 in statutory damages is necessary to deter their further infringement. Accordingly, the Court will award $2,000.00 in statutory damages for Innovative's copyright infringement claim.

Innovative, also, seeks $1,000.00 for its conversion claim, based on its licensing fee. However, the Court cannot award damages for both the copyright infringement claim and the conversion claim because both awards would be based on the same harm – the deprivation of Innovative's licensing fee – and, therefore, would be duplicative. *See Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 709 (9th Cir. 2010).

**Attorneys' Fees**

Pursuant to Local Rule 55-3, Innovative is entitled to an attorneys' fee award of $400.00.

**Dismissal of Remaining Claims**

Innovated moved to dismiss its claims arising under 47 U.S.C. § 605 and 47

U.S.C. § 553. There is no reason for the Court to deny that motion. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

**It is Ordered** that the motion for default judgment be, and hereby is, **Granted** only as to the copyright infringement claim.

**It is further Ordered, Adjudged and Decreed** that Judgment be, and hereby is, **Entered** in favor of Plaintiff Innovative Sports Management, Inc. and against Defendants Claudia A. Portocarrero and Luis Alejandro Tipacti, in the amount of $2,000.00.

**It is further Ordered** that Innovative's remaining claims be, and hereby are, **Dismissed**.

**It is further Ordered** that Innovative shall recover reasonable attorneys' fees of $400.00.

**It is further Ordered** that Innovative may submit its Bill of Costs in accordance with Local Rule 54-2 and 28 U.S.C. § 1920.

Date: December 9, 2022

Terry J. Hatter, Jr.
Senior United States District Judge