Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Ave.
South Pasadena, CA 91030

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>vs.<br><br>CLAUDIA A. PORTOCARRERO, et al.,<br><br>Defendants. | Case No.:  2:19-cv-08726-TJH-PLA<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:   July 10, 2023<br>Time:   8:00 a.m.<br>Place:  Courtroom 9C<br>Judge:  Hon. Terry J. Hatter, Jr. |

TO THE HONORABLE COURT, THE DEFENDANTS AND TO THEIR

ATTORNEYS OF RECORD:

Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media

(hereinafter "Plaintiff"), by and through counsel, hereby opposes the "Motion to

Set Aside the Void Judgment in Favor of Defendant Claudia Portocarrero,"

(hereinafter "Def. Mot.") (Dkt. No. 89), filed by Defendant Claudia Portocarrero

(hereinafter "Defendant" or "Portocarrero"). For the reasons set forth herein,

Defendant's Motion should be denied.


Dated:  June 19, 2023          /s/ *Thomas P. Riley*
                               **LAW OFFICES OF THOMAS P. RILEY, P.C.**
                               By:  Thomas P. Riley
                               Attorneys for Plaintiff
                               Innovative Sports Management, Inc.,
                               d/b/a Integrated Sports Media

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ................................................................................... ii

MEMORANDM OF POINTS AND AUTHORITIES ........................................ 3

INTRODUCTION AND RELEVANT PROCEDURAL HISTORY ................... 3

ARGUMENT ........................................................................................................ 4

I.   PLAINTIFF DID NOT RECEIVE A MEET AND CONFER LETTER. .......... 4

II.  DEFENDANT WAS GIVEN SEVERAL OPPORTUNITIES TO
     PARTICIPATE IN THIS LITIGATION AND CONSISTENTLY FAILED
     TO TAKE ADVANTAGE OF THOSE OPPORTUNITIES ............................ 5

III. DEFENDANT DOES NOT SUPPORT HER ARGUMENTS WITH ANY
     VALID AUTHORITY OR ANALYSIS AND DEFENDANT DOES NOT
     SUBMIT PURPORTED EXHIBITS ................................................................ 7

IV. REGARDLESS OF THE UNDERLYING MERIT OF DEFENDANT'S
     ARGUMENTS, THE JUDGMENT IS NOT VOID. ..................................... 10

V.  PLAINTIFF'S SUIT IS PROPERLY BROUGHT IN CALIFORNIA AND
     THERE IS NO NEED FOR PLAINTIFF TO REGISTER WITH THE
     CALIFORNIA SECRETARY OF STATE. ..................................................... 14

VI. IF THERE IS A TECHNICAL DEFECT, PLAINTIFF IS ENTITLED TO
     CURE AND SUCH ACTIONS APPLY RETROACTIVELY ....................... 17

CONCLUSION ................................................................................................... 21

# TABLE OF AUTHORITES

PAGE(S)

## CASES

*Asbestos Workers Local Union No. 32 v. Shaughnessy*,
703 A.2d 276 (N.J. App. 1997) .................................................................19

*Avery v. Cnty. of Santa Clara*,
2012 WL 5522554 (N.D. Cal. Nov. 13, 2012)......................................11

*Benton v. Cnty. of Napa*,
226 Cal. App. 3d 1485 (1991)..................................................................20

*Berlin, Sachs & Werkstell v. Cart-Wright Indus., Inc.*,
1990 WL 126197 (D.N.J. Aug. 27, 1990) ............................................18

*Color-Vue, Inc. v. Abrams*,
44 Cal. App. 4th 1599 (1996) .........................................................13, 18

*Costello v. United States*,
365 U.S. 265 (1961) ...................................................................................12

*Detsch & Co. v. Calbar, Inc.*,
228 Cal. App. 2d 556 (1964).....................................................................15

*Endy v. Cnty. of Los Angeles*,
2016 WL 11621296 (C.D. Cal. Sept. 14, 2016)..................................12

*Falkenstein v. Shipco Transp., Inc.*,
2014 WL 12966935 (C.D. Cal. Nov. 7, 2014) ....................................11

*Grow Farms Corp. v. National State Bank, Elizabeth*,
400 A.2d 535 (N.J. Super. 1979) ............................................................17

*In re La Sierra Fin. Servs., Inc.*,
290 B.R. 718 (B.A.P. 9th Cir. 2002).........................................................8

*In re Topcroft, Inc.*,
136 B.R. 99 (D.N.J. 1991) ........................................................................18

*Info. Sys. Servs., Inc. v. Platt*,
953 A. 2d 1244 (Pa. 2008) ......................................................................19

*Indep. Towers of Wash. v. Washington*,
350 F. 3d 925 (9th Cir. 2003).....................................................................8

*J & J Sports Productions, Inc. v. Martinez*,
2011 WL 1343050 (S.D. Miss. April 7, 2011) ....................................16

*Kinney v. Langford*,
2019 WL 4677492 (C.D. Cal. July 30, 2019) .......................................8

*Lacey v. Cessna Aircraft Co.*,
862 F. 2d 38 (3d Cir. 1988)..................................................................8

*People v. Superior Court (Olson)*,
96 Cal. App. 3d 181 (1979)..................................................................9

*Politte v. United States*,
2020 WL 5677389 (S.D. Cal. Aug. 24, 2020) ....................................14

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,
824 F.3d 1161 (9th Cir. 2016)............................................................12

*Sade Shoe Co. v. Oschin & Snyder*,
217 Cal. App. 3d 1509 (1990)............................................................20

*San Remo Hotel L.P. v. City And Cnty. of San Francisco*,
27 Cal. 4th 643 (2002) .........................................................................9

*Stan Lee Media Inc. v. Conan Sales Co. LLC*,
2012 WL 12906081 (C.D. Cal. Feb. 8, 2012) ......................................8

*United Medical Management Ltd. v. Gatto*,
49 Cal. App. 4th 1732 (1996) ....................................................... 16-17

*United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*,
791 F. 2d 666 (9th Cir. 1985) .............................................................20

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010) ..................................................................... 10-11

*Vaughn v. Wells Fargo Bank N.A.*,
2013 WL 12131548 (C.D. Cal. Aug. 23, 2013)..................................12

*W.W. Kimball Co. v. Read*,
43 Cal. App. 342 (1919)......................................................................15

*Young Am.'s Found. v. Doris A. Pistole Revocable Living Tr.*,
998 N.E. 2d 94 (Ill. App. 2013) ..........................................................13

## **STATUTES AND RULES**

United States Code

28 U.S.C. § 1331 ................................................................................12

28 U.S.C. § 1367 ................................................................................12

Federal Rules of Civil Procedure

60.................................................................... 7-8, 10-12, 14

Local Rules of Central District of California

7-3 ........................................................................................................4

California

Cal. Corp. Code § 2100........................................................................... 14-15

Cal. Corp. Code § 2105............................................................................. 14

New Jersey

N.J.S.A. 14A:4-5(7) ................................................................................. 19

N.J.S.A. 14A:13-11(1) ............................................................................. 17

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## <u>INTRODUCTION AND RELEVANT PROCEDURAL HISTORY</u>

This case arises out of, *inter alia,* Copyright violations related to Plaintiff's *Program, Chile v. Peru International Friendly Soccer Game,* telecast nationwide on October 12, 2018. *Cplt.* ¶ 20 (Dkt. No. 1). *Jacobs Aff.* ¶ 3 (Dkt. No. 74-3). Portocarrero and a second Defendant, Luis Alejandro Tipacti (hereinafter "Tipacti"), originally filed Answers on November 5, 2019. (Dkt. Nos. 11, 13). After a lengthy period of litigation in which both Defendants were provided myriad opportunities to participate and were warned of the possibility of sanctions for failing to do so, this Court granted Plaintiff's Motion for Terminating Sanctions, struck Defendants' Answers, and entered default against Defendants. *See* (Dkt. Nos. 64, 65).[1] On October 28, 2022, Plaintiff moved for default judgment on its Copyright and state law claims. (Dkt. No. 74, *et seq.*). On November 10, 2022, Defendants Portocarrero and Tipacti filed Objections. On November 14, 2022, Plaintiff filed its Reply. (Dkt. No. 82).

On December 9, 2022, this Court granted Plaintiff's Motion for Default Judgment in part. (Dkt. No. 83). As part of its Order, this Court noted, "[o]n July 28, 2022, after finding that Portocarrero's and Tipacti's repeated failures to comply with the Court's rules and orders warranted the imposition of terminating

---

[1] The history of Defendants' violations of the Local Rules as well as specific Orders of this Court is summarized in Plaintiff's Motion for Terminating Sanctions. (Dkt. No. 50 at 5-10).

sanctions, the Court entered their defaults." (Dkt. No. 83 at 2). After noting that, because Defendants were in default they could only appear as to damages, (*Id.* at 2), the Court nonetheless stated, "[e]ven if the Court considered Portocarrero and Tipacti's opposition as to the merits of Innovative's claims, the oppositions failed to establish the existence of a serious factual dispute." (*Id.* at 4).

Portocarrero has now moved to set aside the judgment as "void." Plaintiff opposes the relief sought by Defendant.

## **ARGUMENT**

I.      PLAINTIFF DID NOT RECEIVE A MEET AND CONFER LETTER.

Local Rule 7-3 provides that the parties "meet and confer," preferably in person, before any motion is filed (save for certain exceptions not applicable herein). C.D. Cal. L.R. 7-3. Defendant attaches a purported meet and confer letter to her Declaration as an Exhibit. (Dkt. No. 89 at 13).[2] In her Declaration, Defendant states that this was sent pursuant to Fed. R. Civ. P. 37 and "before filing this motion for summary judgment." (Dkt. No. 89 at 9). Neither Rule 37 nor summary judgment are implicated at this time.[3] Later, Defendant does refer to the motion to set aside. (*Id.* at 9-10). According to Defendant, the letter indicates

[2] Defendant purported to attach other exhibits. (Dkt. No. 89 at 11). No other exhibits were attached. Plaintiff addresses this deficiency further below.

[3] Defendant also refers to summary judgment in the Motion. *Def. Mot.* at 4.

the "date and manner of service." (*Id.* at 10). The letter is dated, however, there is

no manner of service indicated. *See* (Dkt. No. 89 at 13). In any event, while

Plaintiff cannot speak to Defendant's intentions and actions, no such letter was

received by Plaintiff's counsel, and no other attempt was made to meet and

confer with respect to Defendant's Motion. *Riley Decl.* ¶ 4.

II.    DEFENDANT WAS GIVEN SEVERAL OPPORTUNITIES TO

       PARTICIPATE IN THIS LITIGATION AND CONSISTENTLY

       FAILED TO TAKE ADVANTAGE OF THOSE OPPORTUNITIES.

       Plaintiff addresses Defendant's particular arguments to set aside below.

However, because any such arguments that could have and should have been

made previously, Plaintiff first summarizes Defendant's history of inaction.

       On July 29, 2022, after a lengthy period of litigation in which Defendant

was provided myriad opportunities to participate, and during which Defendant

was repeatedly warned that her failure to do so could result in sanctions, this

Court granted Plaintiff's Motion for Terminating Sanctions. (Dkt. No. 64)

(detailing procedural history and various warnings provided to Defendant).

       The Court's July 29, 2022 Order directed that a copy of the Order should be

mailed to Defendants at various addresses. (Dkt. No. 64 at 5). Included among

those addresses were: to Defendant Portocarrero at 20105 Lassen Street,

Chatsworth, CA 91403. The Lassen Street address was utilized by Defendant in

her Objections to Plaintiff's Motion for Default Judgment. (Dkt. No. 80 (caption).

Notably, this was *not* the address on file with this Court at that time. This notwithstanding an express order of the Court to update their addresses. *See Minutes* (Dkt. No. 26). In fact, when granting Plaintiff's Motion for Terminating Sanctions, the Court expressly noted this defect in explaining why an alternative sanction would not suffice. (Dkt. No. 64 at 5) (given Portocarrero's . . . repeated disregard of those warnings, combined with their history of ignoring the Court's orders – most significantly, the Court's order to submit updated addresses – it is unlikely that alternative sanctions would secure their participation in the case.").

The Notice of Entry of Default and the July 29, 2022 Order were also sent to Defendant at her address on file with this Court, i.e., the 15030 Ventura Blvd No. 24, address. Those versions were all returned as undeliverable. (Dkt. Nos. 68 – 71). There is no indication on the docket that the copies sent to the Lassen Street address, however, were returned as undeliverable. In other words, there can be no question that Defendant received notice of her Default shortly after it was entered on July 29, 2022. Plaintiff filed its Motion for Default Judgment on October 28, 2022. (Dkt. No. 74). That was three months after the entry of default. In this regard, not only was Defendant repeatedly warned of the potential consequences of her failure to take action while she was an active Defendant in the case, even after the entry of default, Defendant still did nothing for a three-month period.

Defendant's current Motion lists her address as, "PO Box *3882*." *Def. Mot.* at 1 (Caption) (emphasis added). On her "Request to Change Address," (Dkt. No.

88), Defendant asks the Court to change her address to, "P.O. Box *3282.*" (*Id.*) (emphasis added). Plaintiff presumes that "3882" in the current Motion is a typographical error. More importantly, Defendant asks that the Court change her address *from* "20105 Lassen St., Chatsworth, CA 91311 to P.O. Box 3282 Chatsworth, CA 91313". (*Id.*). 20105 Lassen St., however, was not the address on file for Defendant at the time the change request was filed; that address remaied 15030 Ventura Blvd. No. 24, which was the address Defendant utilized on her Answer. (Dkt. No. 11). In any event, what is clear is that 20105 Lassen St., to which documents have been sent since August 2020, *see* (Dkt. No. 25-1), is a proper address.

III.    DEFENDANT DOES NOT SUPPORT HER ARGUMENTS WITH ANY VALID AUTHORITY OR ANALYSIS AND DEFENDANT DOES NOT SUBMIT PURPORTED EXHIBITS.

In the title of her document, Defendant asks that the Judgment be set aside as "void." *See Def. Mot.* at 1 (Caption). At no time does Defendant return to this idea in the Motion itself. Defendant does not argue that the judgment is "void," does not invoke Fed. R. Civ. P. 60(b)(4), and does not otherwise address any factors that the Court may consider in determining if a judgment is void. *See Def. Mot. passim.* Indeed, Defendant offers no procedural mechanism by which this Court may grant her motion. The burden on a set aside motion is on Defendant. "The moving party has the burden of establishing entitlement to relief under Rule

60(b)(4)." *Stan Lee Media Inc. v. Conan Sales Co. LLC*, 2012 WL 12906081, at *3 (C.D. Cal. Feb. 8, 2012), *aff'd*, 546 F. App'x 725 (9th Cir. 2013*); In re La Sierra Fin. Servs., Inc.*, 290 B.R. 718, 732 (B.A.P. 9th Cir. 2002). By failing to provide even a mechanism (let alone a valid argument) by which this Court may grant her relief, she does not satisfy that burden. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (the court cannot manufacture arguments for a party; only issues that are "argued specifically and distinctly" are considered"); *Id.* at 929 ("Judges are not like pigs, hunting for truffles buried in briefs.") (citation omitted). *See Kinney v. Langford*, 2019 WL 4677492, at *6 (C.D. Cal. July 30, 2019), *report and recommendation adopted*, 2019 WL 4673214 (C.D. Cal. Sept. 23, 2019) (addressing 12(b)(6) motion and noting that, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Next, the authority cited by Defendant either does not exist or does not remotely support her position.[4] Defendant cites to two cases. The first alleged case, "United States v. J.E.T. Holdings, Inc., 862 F.2d 46 (3d Cir. 1988)," *Def. Mot.* at 5, does not exist. The citation Defendant provides is for *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 46 (3d Cir. 1988). *Lacey* has nothing to do with the

---

[4] While Plaintiff is speculating, the errors in Defendant's Motion suggest that it may have been generated by an artificial intelligence algorithm (such as ChatGPT). At one point, Defendant says, "[i]t is advisable to consult with an attorney who specializes in California business law for a comprehensive understanding of the topic and the most up-to-date case law and statutes in this area." *Def. Mot.* at 7-8. Ironically, Defendant clearly did not do so.

issues raised in Defendant's Motion. Plaintiff searched the Westlaw database for cases involving "J.E.T. Holdings, Inc." and while that search revealed nine cases, none were close to the date offered by Defendant and none were from the Third Circuit. Plaintiff also tried 861 F.2d 46, 863 F.2d 46, 862 F. 46, 862 F.3d 46, and 862 F.4th 46 to allow for possible typographical errors.

The second case cited by Defendant, "People v. Superior Court (Olson) 27 Cal. 4th 703 (2001)," *Def. Mot.* at 7, does not exist under that citation. The citation is for *San Remo Hotel L.P. v. City And Cnty. of San Francisco*, 27 Cal. 4th 643, 702–03 (2002). Again, *San Remo* has nothing to do with the issues before the Court. There is a case called *People v. Superior Court (Olson)*, 96 Cal. App. 3d 181 (1979), but, like the others, that case has nothing to do with the issues before the Court.

If Defendant continues to represent that these cases support her position, Plaintiff respectfully requests that the Court order her to provide proper citations and/or copies of the cases themselves such that Plaintiff can have a full and fair opportunity to address them.

Finally, Defendant purports to submit two exhibits related to registration. *See Def. Mot.* at 11. No such exhibits are attached. Plaintiff, which is a New Jersey corporation, addresses its New Jersey status below. As to Defendant's contention that Plaintiff is suspended California corporation, *see Def. Mot.* at 8, although the absence of any exhibits makes it impossible to address Defendant's

1    contention, Defendant may be confusing California companies with similar names

2    with Plaintiff. For example, a search of the California Secretary of State website,

3    https://bizfileonline.sos.ca.gov/search/business, reveals that there is a company

4    named "Innovative Sports Management" (but without "Inc." at the end), that is

5    named "Innovative Sports Management" (but without "Inc." at the end), that is

6    suspended, as well as companies named "Innovative Sports Inc." and "Innovative

7    Sports, Inc." (but without "Management" between Innovative and Sports). None

8    of these companies, however, are Plaintiff. As a practical matter, as discussed in

9    Argument, Section V, Plaintiff is not required to be registered in California to file

10   suit in California.

11

12

13   IV.    REGARDLESS OF THE UNDERLYING MERIT OF DEFENDANT'S

14          ARGUMENTS, THE JUDGMENT IS NOT VOID.

15          The above threshold procedural deficiencies aside, a judgment may be set

16

17   aside as "void" pursuant to Fed. R. Civ. P. 60(b)(4). Here, the crux of

18   Defendant's argument is that Plaintiff was not a registered business in California

19   or New Jersey (with the primary focus on California), and, as such, could not file

20

21   suit. Even assuming *arguendo* what Defendant suggests is true, the judgment

22   would not be void.

23          "[A] void judgment is one so affected by a fundamental infirmity that the

24

25   infirmity may be raised even after the judgment becomes final." *United Student*

26   *Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  "A judgment is not void .

27

28   . .  simply because it is or may have been erroneous."  *Id.* "The list of such

infirmities is *exceedingly short*; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* (emphasis added). For purpose of Rule 60(b)(4), "a judgment is void . . . when it is based on fundamental jurisdictional error or due process violation." *Id.*

"The distinction between void and voidable judgments is significant because a voidable judgment is valid until it is set aside, and a party may be precluded from setting it aside by principles of estoppel, disfavor of collateral attack, or res judicata." *Avery v. Cnty. of Santa Clara*, 2012 WL 5522554, at *8 (N.D. Cal. Nov. 13, 2012) (internal quotations/modifications omitted). Importantly, such errors "should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless unusual circumstances were present which prevented an earlier and more appropriate attack." *Falkenstein v. Shipco Transp., Inc.*, 2014 WL 12966935, at *5 (C.D. Cal. Nov. 7, 2014) (internal citations omitted).[5]

"Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa,* 559 U.S. at 271. "Instead, Rule 60(b)(4) applies only in the *rare instance* where a judgment is premised either on a certain type of

---

[5] While, as a practical matter, Defendant would be unable to satisfy any other requirements of Rule 60(b), Defendant has not asked the Court to set aside the Judgment for any reason other than that it is void, and Defendant does not even allude to any other provision of Rule 60(b).

jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271 (emphasis added).

Defendant argues neither a jurisdictional defect nor a due process violation. Realistically, she could not. The Court clearly has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and state law claims under 28 U.S.C. § 1367, and there is no reasonable argument that Defendants, California residents, are not subject to personal jurisdiction in this Court. Indeed, Defendant has never suggested to the contrary. *See Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F. 3d 1161, 1165 (9th Cir. 2016), *quoting Costello v. United States*, 365 U.S. 265, 285 (1961) ("noting the 'fundamental jurisdictional defects which render a judgment void ... such as lack of jurisdiction over the person or subject matter[.]'"). As to due process, as detailed above and throughout this case, Defendant was given ample opportunity to be heard. *See Endy v. Cnty. of Los Angeles*, 2016 WL 11621296, at *3–4 (C.D. Cal. Sept. 14, 2016) (judgment not void under Rule 60(b)(4) because the plaintiff was not deprived of an opportunity to be heard).

In *Vaughn v. Wells Fargo Bank N.A.*, 2013 WL 12131548, at *2 (C.D. Cal. Aug. 23, 2013), the Central District noted that, "[a] final judgment or order is 'void' for purposes of Rule 60(b)(4) only if the court lacked jurisdiction or acted inconsistent with due process of law." The Court denied a Rule 60(b)(4) motion, noting, "Plaintiff has not put forth any allegations in his Motion claiming any

jurisdictional defect nor has he stated that the Court's Order was inconsistent with due process." *Id.* The same situation exists here.

Next, as a practical matter, the specific argument that Defendant is attempting to raise has been rejected. In *Young Am.'s Found. v. Doris A. Pistole Revocable Living Tr.*, 998 N.E. 2d 94, 105–06 (Ill. App. 2013), which evaluated the same foreign registration issue, the argument that the judgment was void was rejected:

> In the context of foreign corporation registration requirements, it is well settled that a foreign corporation's lack of capacity to sue does not deprive a court of jurisdiction over the corporation's suit, but rather is an affirmative defense that may be raised by the defendant. In this case, the trial court had both personal and subject matter jurisdiction in the First Action, and thus the plaintiff's lack of capacity did not render the First Action void or a nullity.

*Id.* (internal citation omitted); *see Color-Vue, Inc. v. Abrams,* 44 Cal. App. 4th 1599, 1606 (1996) (finding denial of continuance to cure registration error an abuse of discretion, and holding, "lack of capacity to sue is a technical objection which must be pled specifically. Color–Vue was entitled to rely on respondents' silence on this issue.").

In *Politte v. United States*, 2020 WL 5677389, at *2 (S.D. Cal. Aug. 24, 2020), the plaintiff sought relied under Rule 60(b)(4) and argued that the court acted "without jurisdiction" in finding plaintiff to be the alter ego of an entity (RAJMP). In denying the motion, the court held "Plaintiff's argument simply misses the mark for a Rule 60(b)(4) motion. Plaintiff does not argue that the Court lacked subject matter jurisdiction or personal jurisdiction. Plaintiff argues that the Court did not possess the equity power to make the alter-ego determinations. This is not the proper basis for a Rule 60(b)(4) motion."

As the Judgment is not void under any circumstance, it may not be set aside under Rule 60(b)(4). For this reason alone, Defendant's Motion should be denied.

V.    PLAINTIFF'S SUIT IS PROPERLY BROUGHT IN CALIFORNIA AND THERE IS NO NEED FOR PLAINTIFF TO REGISTER WITH THE CALIFORNIA SECRETARY OF STATE.

Defendant spends time addressing consequences of failing to registered in California. *See Def. Mot.* at 5-8. What Defendant fails to do, however, is explain why this is relevant. More importantly, it is not. Plaintiff, a New Jersey corporation, need not be registered with the California Secretary of State. Cal. Corp. Code § 2100 provides, "[t]his chapter applies only to foreign corporations transacting *intrastate business*, except as otherwise expressly provided." Cal. Corp. Code § 2100 (emphasis added); *see Id.* § 2105(a) ("A foreign corporation shall not transact *intrastate business* without having first obtained from the

Secretary of State a certificate of qualification.") (emphasis added). Plaintiff is not conducting "*intra*state" business, it is conducting "*inter*state" business. "Intrastate business" is a legal term of art and transacting "intrastate business" is not the same as "doing business" in the state. *See Detsch & Co. v. Calbar, Inc.*, 228 Cal. App. 2d 556, 568-69 (1964).

More importantly, Cal. Corp. Code § 2100, *et seq.* does not apply to activities in interstate commerce. *See Detsch & Co.*, 228 Cal.App.2d at 570 (activities that are incidental to interstate commerce do not constitute "intrastate" business). This is because the state cannot interfere with interstate commerce without running afoul of the United States Constitution. *W.W. Kimball Co. v. Read*, 43 Cal. App. 342, 345 (1919) ("in view of the commerce clause of the federal constitution, the state cannot put any burden upon persons or corporations engaged wholly in interstate commerce."). While Defendant first purports to suggest that Plaintiff has violated the Commerce Clause, she confirms Plaintiff's position. *See Def. Mot.* at 4 ("If a state were to require a business to be registered with the state in order to conduct business within its borders, and failure to register resulted in penalties or restrictions on commerce, it could potentially raise constitutional concerns. Such requirements could be seen as placing an undue burden on interstate commerce . . . ."). Plaintiff is a nationwide distributor of commercial sports programming, *Cplt.* ¶¶ 20-21, and the activities described herein involve interstate commerce.

The very argument raised by Defendant herein has been rejected. *J & J Sports Productions, Inc. v. Martinez*, 2011 WL 1343050 (S.D. Miss. April 7, 2011). As with the Plaintiff herein, the plaintiff in *Martinez* was a nationwide distributor of sports programming to commercial establishments. Like Defendant herein, the defendant in Martinez argued that plaintiff could not bring suit in the state due to a lack of registration. *Martinez* rejected the argument on interstate commerce grounds:

> [Plaintiff's] broadcast existed in interstate commerce, and viewed in the light most favorable to its case, the evidence demonstrates that precluding suit for allegedly illegal reception thereof would unreasonably burden interstate commerce. Therefore, Mississippi's door-closing statute should not bar [Plaintiff] from pursuing its claims.

*Martinez*, 2011 WL 1343050 at *3.

Finally, even assuming *arguendo* Defendant's argument was correct, the proper remedy is to hold the case in abatement and stay the action until such time as Plaintiff registers. Indeed, there is no prohibition against *commencing* the action. *United Medical Management Ltd. v. Gatto,* 49 Cal. App. 4th 1732, 1739 (1996*)* ("A foreign corporation transacting intrastate business which has failed to qualify with the Secretary of State may also *commence* an action in state court.")

(emphasis added). It is only if a foreign corporation fails to remedy the defect that the case may be dismissed. As stated in *United Medical Management Ltd.*:

> Ordinarily, the matter should be stayed to permit the foreign corporation to comply. If the foreign corporation plaintiff complies with section 2203, subdivision (c), by qualifying and paying fees, penalties and taxes, it may maintain the action. If the foreign corporation fails to comply, the matter should be dismissed without prejudice.

*Id.*, 49 Cal. App. 4th at 1740. The law is the same in New Jersey. *See Grow Farms Corp. v. National State Bank, Elizabeth*, 114, 400 A.2d 535, 541 (N.J. Super. 1979) ("Even if plaintiff is later found to have sufficient contacts to require authorization under N.J.S.A. 14A:13-11(1), it would still be permitted to comply with those statutory provisions during the trial of the matter to avoid a dismissal."). This ability to cure only serves to underscore why any defect, assuming *arguendo* one even exists, is not the type of error that would render a judgment void.

## VI.  IF THERE IS A TECHNICAL DEFECT, PLAINTIFF IS ENTITLED TO CURE AND SUCH ACTIONS APPLY RETROACTIVELY.

Notwithstanding Defendant's failure to support her Motion, Plaintiff notes that it is currently in "Reinstatement Pending" pursuant to the New Jersey Secretary of State. *See RJN*, Ex. 1-2. As noted above, this does not mean the

judgment is void. Moreover, any defect is curable. On January 16, 2015, Plaintiff

was placed in suspended status by the New Jersey Department of the Treasury.

*RJN,* Ex. 1 at 1. Plaintiff took steps to cure the issue. *See Id.* at 2 (noting filing of

Annual Report in 2015); *Id.* at 1 (noting status change on February 8, 2015).

Plaintiff's annual reports have remained current. *RJN,* Ex. 2. Nonetheless, Plaintiff

currently remains in "pending reinstatement" status. *Id.* Plaintiff is attempting to

ascertain the specific reason for this designation. In any event:

> A corporation is considered viable unless it has permanently ceased
>
> operations and has filed for formal dissolution in accordance with the
>
> New Jersey Business Corporation Act, N.J.S.A. 14A:1–1 et seq.; or
>
> has filed for bankruptcy under Chapter 7 of the United States
>
> Bankruptcy Code.

N.J. Admin. Code § 12:17-12.1(a)(3). In this regard, Plaintiff remains a

viable corporation.

When there is a defect with respect to corporate registration requirements,

the proper remedy is to permit an opportunity to cure. This is true in both

California and New Jersey. *See Color-Vue, Inc.*, 44 Cal. App. 4th at 1606; *In re*

*Topcroft, Inc.*, 136 B.R. 99, 110 (D.N.J. 1991) (evaluating New Jersey registration

statutes and holding, "If DnC is required to and has not complied with these

statutes, the proceedings should be stayed until DnC obtains a certificate of

authority and/or complies with the Business Activities Reporting Act."); *Berlin,*

*Sachs & Werkstell v. Cart-Wright Indus., Inc.*, 1990 WL 126197, at \*6, fn. 2 (D.N.J. Aug. 27, 1990) ("the practice of many New Jersey courts has been to allow the plaintiff an opportunity to comply with the New Jersey law during the pendency of the litigation."). Under both New Jersey and California law, all such actions apply retroactively.

In New Jersey, "[t]he reinstatement relates back to the date of issuance of the proclamation revoking the certificate of incorporation … and *shall validate all actions taken in the interim*." N.J.S.A 14A:4-5(7); *Asbestos Workers Local Union No. 32 v. Shaughnessy,* 703 A. 2d 276, 306 N.J. Super. 1 (N.J. App. 1997) ("The statute governing the revocation of the charter for non-filing of annual reports contains its own reinstatement provisions including those for relation back and validation of actions taken during the revocation period."); *see Info. Sys. Servs., Inc. v. Platt,* 953 A. 2d 1244, 1247 (Pa. 2008) (evaluating New Jersey law and noting that the statutes, "permit[] retroactive reinstatement of corporate charters to validate actions taken during the period of revocation."). Importantly, there is no time limit for such action. *Id.* at 1248 ("While many states impose a time limit upon such remedial action …New Jersey law does not contain such a limitation[.]); *see* N.J.S.A 14A:4-5.(7).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In California:

A taxpayer which has had its corporate powers suspended may be relieved from suspension if it pays the taxes, penalties and interest owed. . . The legal rights of a suspended corporation are then revived, as an unconscious person is revived by artificial respiration . . . On issuance of this certificate, the taxpayer becomes reinstated, without prejudice to any action, defense or right accruing by reason of the original suspension. If it pays its taxes and obtains a certificate of revivor during the pendency of an action, the corporation may be allowed to carry on litigation, even to the extent of validating otherwise invalid prior proceedings. The purpose of the suspension of corporate power is to induce the payment of taxes.

*Benton v. Cnty. of Napa*, 226 Cal. App. 3d 1485, 1489-90 (1991); *See Sade Shoe Co. v. Oschin & Snyder*, 217 Cal. App. 3d 1509, 1515 (1990) ("a corporation which has been suspended pursuant to sections 23301 and/or 23301.5 may nonetheless prosecute or defend an action prior to its official revivor provided there has been substantial compliance with the revival statute.").

In *United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F. 2d 666 (9th Cir. 1985), the Ninth Circuit observed this general rule:

> The government argues that although payment of back franchise taxes after suit was commenced revives a suspended corporation, the revived corporation still may not defend itself in the action. *This is patently false.* . . . [A] revived corporation may proceed with an action regardless of when revival occurred.

*Id.* at 670 (internal citations omitted) (emphasis added).

## CONCLUSION

Defendant's Motion is both procedurally and substantively deficient. Defendant presents this Court with no argument that the judgment is void and, even assuming *arguendo* she had attempted to do so, any such argument would fail on the merits. Defendant misunderstands the nature of corporate registration generally, and the requirements of such registration in California. To the extent the Court may find a defect that impacts the judgment, Plaintiff should be afforded an opportunity to cure.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that Defendant's Motion to Set Aside be denied, and that Plaintiff be awarded such other relief as may be just and proper.

The undersigned, counsel of record for Innovative Sports Management, Inc., d/b/a Integrated Sports Media, certifies that this brief contains 4,348 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

/s/  *Thomas P. Riley*

Dated:  June 19, 2023          **LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
Innovative Sports Management, Inc.,
d/b/a Integrated Sports Media

## **PROOF OF SERVICE**

I declare that:

I am employed in the County of Los Angeles, California.  I am over the age of eighteen years and not a party to the within cause; my business address is First Library Square, 1114 Fremont Avenue, South Pasadena, California 91030.  I am readily familiar with this law firm's practice for collection and processing of correspondence/documents for mail in the ordinary course of business.

On June 19, 2023, I caused to serve the following document entitled:

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE; MEMORANDUM OF POINTS AND AUTHORITIES

On all parties referenced by enclosing a true copy thereof in a sealed envelope with postage prepaid and following ordinary business practices, said envelope was addressed to:

Claudia A. Portocarrero (Defendant)
P.O. Box 3282
Chatsworth, CA 91313

Luis Alejandro Tipacti (Defendant)
15030 Ventura Blvd No. 24
Sherman Oaks, CA 91403

Luis Alejandro Tipacti (Defendant)
6916 Bevis Avenue
Van Nuys, CA 91405

Luis Alejandro Tipacti (Defendant)
14900 Ventura Boulevard, Suite 200
Sherman Oaks, California 91403

The fully sealed envelope with pre-paid postage was thereafter placed in our law firm's outbound mail receptacle in order that this particular piece of mail could be taken to the United States Post Office in South Pasadena, California later this day by myself (or by another administrative assistant duly employed by our law firm).

1        I declare under the penalty of perjury pursuant to the laws of the United

2   States that the foregoing is true and correct and that this declaration was executed
on June 19, 2023, at South Pasadena, California.

3

4   Dated:  June 19, 2023

5                              ISABELLA FERNANDEZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28