1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States District Court
# Central District of California
# Western Division

INNOVATIVE SPORTS
MANAGEMENT, INC., d.b.a.
INTEGRATED SPORTS MEDIA,

Plaintiff,

v.

CLAUDIA A. PORTOCARRERO,
d.b.a. PICANTE PERUVIAN
CUISINE, *et al.*,

Defendants.

CV 19-08726 TJH (PLAx)

### Order
### and
### Order to Show Cause

The Court has considered Defendant Claudia A. Portocarrero's motion to set aside the default judgment [dkt. # 89], together with the moving and opposing papers.

Allegedly, Innovative, a New Jersey corporation, held the exclusive United States commercial distribution rights to *Chile v. Peru International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on Friday, October 12, 2018. Innovative alleged that it acquired the rights to the Soccer Game on August 27, 2018, through a contract with Lions Sports & Media S.A.

On October 10, 2019, Innovative filed this action, alleging that Portocarrero and Defendant Luis Alejandro Tipacti, doing business together as Picante Peruvian Cuisine, displayed the Soccer Game at Picante without a license.

On July 28, 2022, the Court granted Innovative's motion for terminating sanctions because Portocarrero and Tipacti repeatedly failed to comply with the Court's orders.  Consequently, Portocarrero and Tipacti's Answers were stricken and their defaults were entered.

On December 9, 2022, the Court granted Innovative's motion for default judgment against Portocarrero and Tipacti as to Innovative's copyright infringement claim.  Default judgment was entered against Portocarrero and Tipacti, jointly, in the amount of $2,000.00.  Innovative's remaining claims were voluntarily dismissed.

Portocarrero, now, moves to set aside the default judgment because Innovative was not, and is not, a corporation in good standing.

**Relief from Default Judgment**

Under Fed. R. Civ. P. 60(b), the Court can grant relief from a judgment if, *inter alia*, the judgment is void, there was a misrepresentation or misconduct by an opposing party, or for any other reason that justifies relief.  Rule 60(b) is an equitable remedy that gives the Court the authority to a vacate judgment "whenever such action is appropriate to accomplish justice." *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).  However, Rule 60(b) requires extraordinary circumstances to justify the setting aside of a final judgment. *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019).

A corporation's capacity to sue is determined by the law of the state where it was organized.  Fed. R. Civ. P. 17(b).  Here, Innovative was organized, and incorporated, in New Jersey.

In its opposition to the instant motion, Innovative requested the Court to take judicial notice of two documents – a status report issued by the State of New Jersey, dated June 8, 2023, and, a letter from the New Jersey State Treasurer, dated June 8,

2023.  The status report stated that Innovative's New Jersey certificate of incorporation was, indeed, revoked in 2015 for its failure to pay the fees associated with its annual reports, and that its current corporate status is Reinstatement Pending.

If a New Jersey corporation fails to file its mandated annual report for two consecutive years, or if it fails to pay the required fees associated with those annual reports, "the State Treasurer may issue a proclamation declaring that the certificate of incorporation of the corporation has been revoked and that *all powers conferred by law upon it shall thereafter be inoperative and void*."  N.J. Stat. Ann. § 14A:4-5 (emphasis added); N.J. Stat. Ann. § 14A:1-6(1)(b); N.J. Stat. Ann. § 14A:15-2(6).  Based on the New Jersey records provided by Innovative, it is clear that Innovative's certificate of incorporation was revoked, and remains revoked, apparently, because it has not paid its mandated fees.

A New Jersey corporation with a revoked certificate of incorporation is precluded from filing a lawsuit.  *E & V Constr. Co., Inc. v. Deeper Life Bible Church*, 2018 WL 2012109, at *1-*2 (N.J. App. Div. May 1, 2018).  Moreover, a New Jersey corporation with a revoked certificate of incorporation cannot conduct any business, including entering into contracts; however, the corporation can conduct necessary business required to *wind down* its business.  *E & V Constr. Co. v. Deeper Life Bible Church*, 2018 WL 2012109 at *2; N.J. St. Ann. § 14A:12-1(1)(g); N.J. St. § 14A:12-9(1).  Consequently, a New Jersey corporation with a revoked certificate of incorporation can sue or be sued, or enter into contracts, only within the context of *winding down* its business.  *Needle v. Byram Cove, Inc.*, No. A-1196-08T3, 2010 WL 2555710, at *9 (N.J. Super. Ct. App. Div. June 24, 2010).

A corporation with a revoked certificate of incorporation can be restored to good standing only after it has complied with the reinstatement requirements of N.J. Stat. Ann. 14A:4–5(7) and after the State Treasurer has, actually, reinstated the corporation's certificate of incorporation.  *E & V Constr.*, 2018 WL 2012109 at *2.  Further, after a New Jersey corporation is restored to good standing, New Jersey law

1  deems the reinstatement to relate back to the date the certificate of incorporation was
2  revoked, which effectively validates all actions performed by the corporation during the
3  period that it was not in good standing.  N.J. Stat. Ann. 14A:4–5(7).

4      Here, under New Jersey law, Innovative has been prohibited from conducting
5  business, including entering into new contracts or filing new lawsuits, since 2015.  This
6  action was filed in 2019.  Moreover, this action was based on exclusive distribution
7  rights that Innovative, allegedly, acquired by a contract entered into in 2018, when it
8  lacked the legal ability to enter into contracts.  Innovative's actions in this, and other,
9  cases were not limited to business affairs related to the winding down of its business.

10     Thus, Innovative prosecuted this case, and many other cases in the Central
11 District of California, when it lacked the capacity to file and prosecute cases.
12 Moreover, this case, and others, were based on rights that Innovative could not have
13 legally acquired because it lacked the capacity to contract at the time it contracted.

14     Consequently, given the extraordinary circumstances, here, the default judgment
15 entered against Portocarrero and Tipacti must be vacated in the interests of justice.  *See*
16 *Sparks*, 685 F.2d at 1130.

17 **Order to Show Cause**

18     Since February, 2015, Innovative, and its counsel, Thomas P. Riley, have filed
19 and prosecuted scores of cases in the Central District of California, despite the fact that
20 Innovative lacked, and continues to lack, the legal ability to file and prosecute those
21 cases.  Indeed, based on Innovative's opposition to the instant motion, its officers,
22 directors, and counsel, here, knew, or should have known, that its New Jersey
23 certificate of incorporation had been, and remains, revoked.  Consequently, the Court
24 will order (1) Innovative; (2) its president, Douglas K. Jacobs; and (3) its counsel,
25 here, Thomas P. Riley, to show cause why it should not sanction them and/or hold
26 them in criminal contempt.

27 **Rule 11 Sanctions**

28     By filing an action, a motion, or any other papers with a District Court, Fed. R.

Civ. P. 11 imposes a duty on attorneys to self-certify that, to the best of his knowledge, all claims and positions taken were the product of a reasonable inquiry, were warranted by law, and were based on factual contentions that have evidentiary support.  Fed. R. Civ. P. 11(b)(2),(3).  That duty is personal and non-delegable.  *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 546-47 (1991).  Further, Rule 11 applies to anyone, including non-attorneys, who signs a document that is filed with a federal court.  *Bus. Guides*, *Inc.*  Finally, anyone who violates Rule 11 may be sanctioned.  *See Pan-Pac. & Low Ball Cable Television Co. v. Pac. Union Co.*, 987 F.2d 594, 597 (9th Cir. 1993).

Since February, 2015, a period of about eight years, Innovative's counsel, Thomas P. Riley, as an officer of the Court, filed scores of cases, pleadings and other documents as the representative of a corporation that lacked the capacity to file and prosecute cases.

Innovative's president, Douglas K. Jacobs, may, also, be subject to Rule 11 sanctions based on his actions, or inactions, here.  In this, and almost all of the other cases Innovative filed in this District, the Court received at least one declaration signed by Jacobs under penalty of perjury.  "Quite often it is the client, not the attorney, who is better positioned to investigate the facts supporting a paper or pleading."  *Bus. Guides, Inc.*, 498 U.S. at 549.

The effects of the actions taken by Innovative, Jacobs and Riley, in this District, have been significant.  Since 2015, scores of restaurant owners and operators have been forced to defend cases that could not have been legally filed or prosecuted by Innovative.  Moreover, some of the defendants have incurred judgments obtained by a corporate plaintiff that lacked the capacity to sue them.  Litigation conduct is sanctionable when it "tend[s] to impose unjustified burdens on other parties, frustrate[s] those who seek to vindicate their rights in the courts, obstruct[s] the judicial process, and bring[s] the civil justice system into disrepute."  *Matter of Yagman*, 796 F.2d 1165, 1182 (9th Cir. 1986).  The situation, here, appears to warrant sanctions under Rule 11.

**Inherent Authority of the Court**

In addition to Rule 11, the Court has the inherent authority to sanction bad-faith conduct committed by parties and attorneys who invoke its jurisdiction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Bad-faith conduct includes, but is not limited to, the filing of pleadings that contain false information which forces opposing parties to litigate a case that should not rightfully be prosecuted. *See Chambers*, 501 U.S. at 41. The Court's inherent authority permits it to sanction attorneys and parties for bad-faith conduct even if sanctions can, also, be imposed under other rules. *Chambers*, 501 U.S. at 50.

**Criminal Contempt**

Under 18 U.S.C. § 401, the Court may, also, hold an attorney or a party in criminal contempt to punish their misbehavior, including, *inter alia*, the pursuit of meritless litigation, the filing of false declarations filed under penalty of perjury, and the presentation of false evidence. *United States v. Thoreen*, 653 F.2d 1332, 1339–40 (9th Cir. 1981).

The actions of Innovative, Jacobs and Riley, in this and other cases filed by Innovative in this District, are, indeed, punishable by criminal contempt.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to set aside the default judgment be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉 as to all Defendants.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Innovative Sports Management, Inc., Douglas K. Jacobs, and Thomas P. Riley shall appear in person on Monday, September 11, 2023, at 10:00 a.m., before Judge Terry J. Hatter, Jr. of the United States District Court for the Central District of California, in Courtroom 9C, located at 350 West 1ˢᵗ Street, Los Angeles, California, To Show Cause, if any, why you should not be sanctioned and/or

held in contempt.

*It is further Ordered* that Innovative Sports Management, Inc., Douglas K. Jacobs, and Thomas P. Riley shall file written responses to this Order to Show Cause by August 28, 2023.

*It is further Ordered* that, pending further order of the Court, Innovative Sports Management, Inc. shall not file any new lawsuit, shall immediately cease prosecuting all pending lawsuits in all courts, and shall immediately cease enforcing any outstanding judgment it has obtained.

*It is further Ordered* that Innovative Sports Management, Inc. shall, within five (5) days of the date of this order, file a copy of this order (1) in all pending lawsuits where it is a plaintiff; (2) in all lawsuits where it has an unpaid judgment; and (3) in all lawsuits where it has obtained a judgment since 2015, even if the judgment has been satisfied.

Date: August 3, 2023

Terry J. Hatter, Jr.
Senior United States District Judge